UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CONNIE CALLAHAN, et al.,

        Plaintiffs,

vs.                                                CIV 97-1213 JP/KBM

ALBUQUERQUE TECHNICAL
VOCATIONAL INSTITUTE, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiffs' Motion to Compel Discovery *(Doc. 109)*. Plaintiffs served Interrogatories and Requests for Production of Documents on December 1, 2000. After agreed upon extensions, Plaintiffs received Defendants' responses, and having first discussed perceived deficiencies, Plaintiffs filed this timely motion to compel. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken in part and will be granted in part.

*Counting of Subparts*

Defendants refused to answer all of the interrogatories on the basis that Plaintiffs had exceeded the interrogatory limit agreed to in the Provisional Discovery Plan ("PDP"). Specifically, the PDP in this case provides for a maximum of "100 interrogatories by all Defendants, collectively, to all Plaintiffs, collectively and by all Plaintiffs, collectively, to all Defendants, collectively." Defendants contend that many questions identified as interrogatory

subparts should actually be counted as separate interrogatories. Because they believed that the authorized number of interrogatories had been exceeded, Defendants answered only the first 100 according to their calculation.

The Advisory Committee Notes to the 1993 Amendments observe that "limitations on the number of interrogatories are useful and manageable. Moreover, because the device can be costly and may be used as a means of harassment, it is desirable to subject its use to the control of the court consistent with the principles stated in Rule 26(b)(2). . . ." Thus, the 1993 revisions were intended to "reduce the frequency and increase the efficiency of interrogatory practice." *Id.* Moreover, "[p]arties cannot evade [the] limitation through the device of joining as "subparts" questions that seek information about ***discrete separate subjects***." *Id.* (emphasis added).

Plaintiffs argue that Defendants have improperly characterized the subparts for counting purposes, and seek to compel responses to all of the propounded interrogatories. As an initial matter, however, Plaintiffs contend that by failing to seek a protective order pursuant to FED. R. CIV. P. 37, Defendants have waived their numerosity objections.

Indeed, "the better practice is to object to all of the interrogatories as violative of the rule and demand identification of the particular 25 (or other permitted number) to which the requesting party wishes a response." *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C.1998), *citing Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104 (W.D.N.C. 1993) (party served with excess number of interrogatories who answered some without first moving for protective order deemed to have waived excess number objection). These cited decisions note that "[o]therwise the responding party could selectively respond to the interrogatories and thereby strategically omit the most prejudicial information. . . .

[and] the Court essentially would be allowing [the responding party] to determine for itself what information to reveal." *Herlein*, 147 F.R.D. at 104-105.

The Advisory Committee Notes to the 1993 Amendments may lend some support for this general proposition that the court should not permit the responding party to "pick and choose" which of the interrogatories to answer. "When a case with outstanding interrogatories exceeding the number permitted by this rule is removed to federal court, the interrogating party must seek leave allowing the additional interrogatories, specify which twenty-five are to be answered, or resubmit interrogatories that comply with the rule." On the other hand, the Advisory Committee's Notes chose to address this situation only in the context of removed cases. Other than the above-cited cases from the Western District of North Carolina, I am unaware of any other decisions finding a waiver of the numerosity objections in the absence of seeking a protective order in an action originally brought in federal court.

Because I agree with alternative argument of counsel for Plaintiffs, however, I need not more fully address the waiver argument discussed above. Defendants' basic premise that, with the exception of questions asking about communications of a particular type, any subpart of an interrogatory constitutes a separate question is at odds with FED. R. CIV. P. 33(a). Defendants' calculation ignores the requirement that only "discrete" subparts may be considered to count against the interrogatory number limitation. *See* FED. R. CIV. P. 33(a).

"[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired may be disputable." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2168.1 at 261 (2d ed. 1994); *see also Williams v. Bd. of County*

-3-

*Comm'rs of Unified Gov't of Wyandotte Co.*, 192 F.R.D. 698 (D. Kan. 2000).  Having examined the interrogatories and their subparts, I find Defendants' numerosity objection without merit.

### *Supplemented Answer to Interrogatory No. 2 is Sufficient*

The Court will grant the Agreed Motion to Supplement Plaintiffs' Response to Defendants' Reply To Plaintiffs' Motion to Compel *(Doc. 114)*, and has considered its attached exhibit as the most recent supplementation of Defendants' response to Interrogatory 2.  Defendants have now provided Plaintiffs with the names of witnesses they may call at trial and have sufficiently indicated the subject matter and expected testimony of each.

### *Interrogatory No. 3*

In Interrogatory No. 3, Plaintiffs ask Defendants to "[a] State in full detail the complete and specific factual basis for each denial in your answer and [b] each affirmative defense raised in your pleadings."  Besides the numerosity objection to this interrogatory (which I reject), Defendants characterize this as a premature "contention" interrogatory.  In several decisions from the District of New Mexico, the use of so-called "contention interrogatories" has been found permissible at the close of discovery, the posture in which the present case stands.  *See e.g., Palmer v. K-Mart Corp.,* CIV 95-1113 SC/LFG (2/1/96); *Yoder v. City of Clovis,* CIV 94-741 PK/WWD (2/8/95).  Courts from other jurisdictions have ruled the same.  *See e.g., Starcher .v Correctional Medical Systems, Inc.,* 144 F.3d 418, 421 n.2 (6th Cir. 1998) (and cases cited therein for the proposition that contention interrogatories are acceptable form of discovery and should be answered); *Continental Illinois National Bank & Trust v. Caton,* 136 F.R.D. 682, 684 (D. Kan. 1991).

Nevertheless, an interrogatory asking for all facts, all witnesses, and all documents in support of a position can "on its face" be deemed burdensome. *Hiskett v. Wal-Mart Stores, Inc.,* 180 F.R.D. 403 (D. Kan. 1998). A party need not "provide a narrative account of its case" nor duplicate its initial disclosures, but parties may be required to respond to such inquiries by setting forth the "principal or material" facts. *Id.* at 404-05.

I find that the approach developed in the District of Kansas to fairly balance the burdens associated with answering such an interrogatory with the benefits of narrowing the issues near the end of discovery. Therefore, like Magistrate Judge Svet in *Bailey v. Pacheco*, CIV 96-0959 LH/DJS  (D.N.M. 3/22/99, *Doc. 316*), I will require Defendants to respond further to Interrogatory No. 3 to state the principal or material facts upon which they rely for each denial and affirmative defense in their Answer.

Wherefore,

IT IS ORDERED AS FOLLOWS:

(1)  The Agreed Motion to Supplement Plaintiffs' Response *(Doc. 114)* is **granted**;

(2)  Plaintiffs' Motion to Compel Discovery *(Doc. 109)* is **granted in part** as set forth above. Defendants' shall provide the amended answers to interrogatories as required herein within twenty days of the entry of this Order; and

(4)  Insofar as either party seeks attorney fees or costs, the request is **denied**.

_____
**UNITED STATES MAGISTRATE JUDGE**