# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CONNIE CALLAHAN, SALLY FISH,
JOANNA PETRIDOU-FISHER, WAYNE
SPRONG, and ANNE WATERS,

        Plaintiffs,

vs.                                                                No. CV 97-1213 JP/KBM

ALBUQUERQUE TECHNICAL
VOCATIONAL INSTITUTE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On October 22, 2001 Defendants filed a Motion for Partial Summary Judgment on Punitive Damages (Doc. No. 135); on November 5, 2001 Plaintiffs filed a Motion to Strike Affidavit (Doc. No. 144); on October 22, 2001 Defendants filed a Motion for Clarification on the Issues of Property Interest and Due Process, and for Summary Judgment on Count I (Doc. No. 139). The Court has carefully reviewed the pleadings, the applicable caselaw, the evidence of record, and the arguments of counsel; the Court will GRANT the Motion for Partial Summary Judgment on Punitive Damages, and will DENY the Motion to Strike and the Motion for Clarification and for Summary Judgment on Count I.

**Punitive Damages and Motion to Strike.**

Defendants seek partial summary judgment on the punitive damages claims against them in Counts I, II, III, VI, and VII under 42 U.S.C. § 1983.

<u>Count I</u>. By Memorandum Opinion and Order filed April 5, 2000, the individual

Defendants were granted qualified immunity on the due process claim in Count I. This precludes an award of actual damages against the Defendants in their individual capacities. Defendants argue that there can be no award of punitive damages against them because there is no cause of action against them as to Count I. Plaintiffs do not address this argument in their Response, and at the Pre-Trial Conference held on November 29, 2001, counsel for Plaintiffs conceded that Plaintiffs are not entitled to punitive damages on Count I. I agree, and will dismiss the punitive damages claim from Count I.

Count II Age Discrimination.

Count II contains claims by Plaintiff Sally Fish for age discrimination and sex discrimination. Plaintiffs concede that the claim for age discrimination is not viable. It will be dismissed.

Other Civil Rights Counts - Counts II (Sex Discrimination), III, IV, VI, VII, VIII, IX, XII. In their Amended Complaint, Plaintiffs assert that the acts of Defendants were done willfully, maliciously, and with callous and reckless indifference to and disregard of the Plaintiffs' rights. Am. Compl. ¶¶ 31 (Count I) (incorporated by reference into remaining Counts). Defendants assert that their conduct was objectively reasonable as to the First Amendment retaliation claims, and that Plaintiffs cannot prove the necessary animus in any of the civil rights claims under § 1983. Defendants cite various documents, depositions, and affidavits as evidentiary support for their assertion that there was no motivation on their part to violate Plaintiffs' constitutional rights to free speech, association, or religion. They deny that their decisions not to renew Plaintiffs' contracts were predicated on participation in union activities.

Plaintiffs argue first that the intent element of their punitive damages claims can be

satisfied by evidence of either specific intent to violate one's rights, or of reckless conduct, and that circumstantial evidence of intent is sufficient to support an award of punitive damages. The standard for punitive damages in a § 1983 claim is conduct that is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Searles v. VanBebber, 251 F.3d 869, 879 (10th Cir. 2001) (*quoting* Smith v. Wade, 461 U.S. 30, 56 (1983)). Plaintiffs, however, cite to no direct or circumstantial evidence in the record that supports a finding of even reckless conduct, much less evil motive or intent.

Second, Plaintiffs argue that even if specific intent is an element of a claim for punitive damages, Defendants have failed to establish their right to summary judgment by showing lack of intent to violate Plaintiffs' rights. Plaintiffs misapprehend their summary judgment burden. The party moving for summary judgment bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, the opposing party must provide the court with specific facts showing a genuine dispute for trial. Fed. R. Civ. P. 56(e); Gray v. Udevitz, 656 F.2d 588, 592 (10th Cir. 1981). Plaintiffs have not met this burden, and so Defendants' Motion for Partial Summary Judgment on Punitive Damages will be granted.

Plaintiffs' Motion to Strike is based upon the same incorrect premise, i.e., that Defendants have a burden to present evidence to disprove their intent. Thus, the Motion to Strike will be denied.

**Motion for "Clarification."**

In his Memorandum Opinion and Order filed April 5, 2000, the late Senior Judge Santiago Campos denied summary judgment to Defendants on Plaintiffs' due process claim. Judge Campos

found that the Plaintiffs had a property interest in their continued employment at TVI by virtue of a collective bargaining agreement ("CBA"), construed to provide a just cause standard for termination under the circumstances presented by this case. He also ruled that due process had not been afforded to the Plaintiffs because they had never been given an explanation of the reasons for their terminations and an opportunity to rebut the reasons.

Defendants assert that both those rulings are incorrect. They contend that the Tenth Circuit has found a property right in an employment benefit only when the employment agreement expressly provided for a just cause standard, and that it has not squarely addressed the existence of a protected property interest in continued employment where a CBA does not expressly provide a just cause standard for termination. Judge Campos interpreted language in the CBA to conclude that Plaintiffs had "a substantive right to continued employment absent a 'fair' or 'just' reason for TVI to take any of the specified adverse actions against an employee." Mem. Op. & Ord. at 15. In support of his interpretation of the CBA language, and of his "conclusion that the language in Section 10.4 of the CBA in this case creates a 'just cause' standard for the nonrenewal of Plaintiffs' contracts," Judge Campos cited <u>Jones v. Int'l Union of Operating Engineers</u>, 72 N.M. 322, 383 P.2d 571 (1963), as well as language in the arbitrator's decision, and the TVI Governing Board's own Collective Bargaining Policy. <u>Id.</u> at 15-16. Defendants' arguments that Section 10.4 of the CBA does not create a just cause standard are merely a rehash of their arguments that were thoroughly considered and rejected by Judge Campos.

In similar fashion, Defendants challenge Judge Campos' decision that the procedures provided by TVI did not satisfy due process. They contend that "Plaintiffs were afforded all the process they were due." Def. Mem. Br. in Supp. at 17 and 22. In their reply brief, Defendants

4

assert that Judge Campos' decision did not fully consider the issue of whether Plaintiffs were afforded due process. This is incorrect. *See* Mem. Op. & Ord. at 19-21. The gist of Defendants' argument that due process was afforded Plaintiffs is that TVI explained to the Plaintiffs when it gave notice of the nonrenewal of their contracts that the reason for this action was simply that TVI was exercising its right not to renew under the employee handbook and the individual contracts. Defendants ignore the Court's ruling that TVI was required under the CBA to establish just cause for not renewing the contracts. Thus, its stated reason for not renewing the contracts is insufficient to establish just cause or to satisfy due process.

Rather than a motion for "clarification" this is really a motion for reconsideration. Whether to grant or deny a motion for reconsideration is committed to the court's discretion. Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir. 1988); *see* Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981) (law of case doctrine does not prevent district court from reconsidering interlocutory decision if convinced it is substantially erroneous, or "when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous."). I see nothing in the present motion that either requires clarification or compels a reversal of the rulings in Judge Campos' April 5, 2001 decision. Moreover, since it is, in essence, a motion for reconsideration, it was not presented timely. The motion will be denied.

THEREFORE, IT IS ORDERED that Defendants' Motion for Partial Summary Judgment on Punitive Damages (Doc. No. 135) is hereby GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike Affidavit (Doc. No. 144) is

hereby DENIED;

IT IF FURTHER ORDERED that Defendants' Motion for Clarification on the Issues of Property Interest and Due Process, and for Summary Judgment on Count I (Doc. No. 139) is hereby DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE